UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jaylen Fisher** <br> 2578 Howey Road <br> Columbus, OH  43221 <br><br> Plaintiff <br><br> vs. <br><br> **Officer Grady Kissee #3102** <br> **Individually and in the capacity as a** <br> **Columbus Police Officer** <br> c/o Columbus Division of Police <br> 120 Marconi Boulevard, <br> Columbus, OH 43215 <br><br> and <br><br> **The City of Columbus, Ohio** <br> 77 North Front Street <br> Columbus, OH 43215 <br><br> and <br><br> **Columbus Police Department** <br> 120 Marconi Boulevard, <br> Columbus, OH 43215 <br><br> and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE <br><br><br><br><br> **COMPLAINT** <br><br> *[Jury Demand Endorsed Hereon]* |

|  |  |
|---|---|
| and | ) <br> ) <br> ) <br> ) |
| **Elaine Bryant, Chief of Police** <br> Columbus Police Department <br> 120 Marconi Boulevard <br> Columbus, OH 43215 | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Jaylen Fisher, by and through counsel, and states and avers as follows for his Complaint against the above-named Defendants.

## PRELIMINARY STATEMENT

1. This action seeks relief for violations of Jaylen Fisher's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the, Eighth Amendment, applicable to the State through the 14th Amendment to the United States Constitution, the laws of the United States and the laws of the state of Ohio. Upon all information and belief, the claims asserted herein arise from an incident occurring on March 1, 2022.

2. The claims asserted herein arise from acts, failures to act and omissions committed, and failure to adhere to policies, procedures, and customs in place and/or implemented at the Columbus Police Department by Defendant Kissee while Plaintiff Jaylen Fisher was being pursued by Columbus Police.

3. At this time, each of the above-named Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff to be free from the sadistic and malicious use of excessive force to due process of law and to necessary medical and mental health care and treatment.

4. Defendants Officers while they were employed, did in fact, participate in, authorized, ratified and/or failed to intervene to prevent sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Jaylen Fisher's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries as alleged and described herein.

5. Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## JURISDICTION AND VENUE

6. Plaintiff hereby restates and realleges each and every allegation as if fully set forth herein.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has pendant jurisdiction over state law claims asserted herein is invoked.

8. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

10. At all times relevant Plaintiff Jaylen Fisher is a citizen of the United States of America residing in the state of Ohio within the Southern District of Ohio and entitled to the protections of the Constitutions and laws of the United States of America and the State of Ohio.

11. At all times relevant, Defendant Officer Kissee was under non-delegable duties to refrain from using excessive and/or sadistic and malicious force on the citizens of Columbus and to ensure that the citizens of Columbus were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights as well as receiving medical attention for Jaylen Fisher's medical condition.

12. At all times relevant, Defendants were Columbus City employees and/ or employees working at the Columbus Police Department and employed through the City of Columbus acting within the course and scope of their employment with the Columbus Police Department, and under the color of law, who were directly responsible for Jaylen Fisher's safety in his custody, supervision, and pursuit. Defendant Kissee is classified as "persons" as defined in 42 U.S.C. 1983 and is hereby sued in his individual capacity. At all times relevant, Defendant Kissee was acting within the course and scope of their employment with the Columbus Police Department, and Chief of Police Elaine Bryant and under the color of law, and was directly responsible for Jaylen Fisher's safety, custody, supervision, control, and care. Defendant Kissee is classified as "persons" and defined by 42 U.S.C. § 1983 and is hereby sued in his individual capacity.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff hereby restates and realleges each and every allegation as is set forth herein.

4

14. This action is brought, in part, under Title 42 U.S.C § 1983 and under the Eighth and Fourteenth Amendment of the United States Constitution and pursuant to the general laws of the United States and the laws of the State of Ohio.

15. Plaintiff alleges that the conduct of Defendants did deprive Jaylen Fisher of his constitutional right to be free from sadistic and malicious use of excessive force by the Columbus Police Department. Defendants both caused the injuries to Jaylen Fisher, and they are both responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, stood by idly with deliberate indifference to and reckless disregard for Jaylen Fisher's clearly established and known rights.

16. Jaylen Fisher was pursued and shot in the back while he was attempting to get away from a live shooter at a gas station on South High Street.

17. Officers misidentified Jaylen Fisher as the suspect and pursued him in a car and on foot.

18. At all times relevant, and upon all information and belief, on March 1, 2022, at approximately 4:22 pm police responded to a shots-fired call at 3377 East Livingston Ave Columbus, Ohio. Without justification, Defendant Kissee escalated the situation with the use of hostile commands. Ultimately without justification, Defendant Kissee shot Jaylen Fisher in the back while Jaylen Fisher was attempting to surrender to police.

19. At all times relevant, it was clear to an average observer that Jaylen Fisher was suffering from an injury requiring immediate emergent medical treatment.

20. Defendant Kissee was acting in the scope of employment of the Columbus Police Department.

21. Jaylen Fisher was rushed by ambulance to the hospital.

22. It was discovered that he suffered a gunshot wound to the left mid-thigh and a gunshot wound to his testicles.

23. Jaylen Fisher was never convicted of a crime related to this incident.

## FIRST CLAIM FOR RELIEF

**Violation of 42 U.S.C. 1983 Against Defendant Kissee in his Individual Capacity as well as his capacity as an employee of the City of Columbus and an employee of the City of Columbus Police Department, for Excessive Force in Violation of the Eighth Amendment and Unconstitutional Seizure under the 14th Amendment.**

24. Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

25. At the time and place referenced above herein, the Officer Defendant Kissee named in this Claim for Relief in turn or together beat, applied excessive force, shot at, and hit Jaylen Fisher ultimately causing injury.

26. The force employed by the Defendant officer Kissee named in this Claim for Relief in shooting Jaylen Fisher, participating in the foregoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of state law which deprived Jaylen Fisher, of his clearly established and known rights to be free from cruel and unusual punishment proscribed by the Eighth Amendment and unreasonable seizure and his right to due process under the Fourteenth Amendment to the United States Constitution.

27. As a direct and proximate result of these Defendants' violations of Jaylen Fisher's constitutional rights, which resulted in injury, physical pain and suffering, punitive damages, physical, mental and emotional pain and suffering, pecuniary loss, lost earning capacity, gross

disfigurement as well as all damages allowable under 42 USC 1988 for attorney fees and costs.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C 1983 Monell Policy Claim Against Defendant City of Columbus

28. Plaintiff represents and realleges the above allegations as if fully set forth herein.

29. The actions of Defendant Kissee, as alleged above, were taken pursuant to one or more interrelated de facto policies, practices, and/or customs of the Columbus Police Department.

30. At all times material to this complaint the Defendant Columbus Police Department had interrelated de facto policies, practices, and customs which included

   a) The failure to properly hire, train, supervise, discipline, transfer, monitor, counsel, and/or otherwise control Columbus Police Department Officers who engage in unjustified use of excessive and unreasonable force, including unjustified shootings;

   b) a code of silence

   c) The failure to properly investigate the use of excessive and unreasonable force against civilians, particularly African Americans, by Columbus Police Officers and/or

   d) The failure to properly train and supervise Columbus Police Department Officers with regard to discharging their weapons at civilians, particularly at African Americans.

31. The Columbus Police Department has engaged in little or no meaningful disciplinary actions in response to Mr. Kissee's own misconduct, thereby creating a culture or climate that members of the Coumbus Police Department can escape accountability with impunity.

32. This pattern is the moving force behind the conduct of the Defendant Kissee in targeting, pursuing and shooting Jaylen Fisher.

33. The de facto policies, practices, and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control misconduct and the code of silence are interrelated and exacerbate the effects of each other on officers' discipline.

34. That the unconstitutional actions of Defendant Kissee were part of a widespread policy, practice and custom that is further established by the involvement in and ratification of these acts by supervisors and policy makers, as well as by a wide range of other officials, deputies, and divisions of the Columbus Police Department.

35. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury to Jaylen Fisher, because Defendant Kissee had good reason to believe his misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete and misleading reports would go unchallenged by these supervisors and fellow deputies, and that he was immune from disciplinary action, thereby protecting him from the consequences of this dangerous, reckless and unconstitutional conduct.

36. But for the belief that he would be protected, both by fellow officers and by the Columbus Police Department, from serious consequences, Defendant Kissee would not have engaged in the conduct that resulted in the shooting of Jaylen Fisher.

37. The interrelated policies, practices, and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged Defendant Kissee to commit the acts alleged in this complaint against Jaylen Fisher and therefore acted as the moving forces behind and the direct and proximate causes of the

injures to Jaylen Fisher.

38. Additionally, the failure to properly hire, train, supervise, discipline, monitor, control, counsel, and/or transfer Defendant Kissee was also done with deliberate indifference and likewise acted as a direct and proximate cause of the injures to Jaylen Fisher.

39. These policies, practices, and customs, therefore, are and were, separately and together, the moving forces behind, and the direct and proximate cause of, the unconstitutional acts committed by Defendant Kissee in this case and the injuries to Jaylen Fisher.

### THIRD CLAIM FOR RELIEF
### Ohio State Law Claims
### Assault and Battery Against Defendant Kissee

40. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

41. Defendant Kissee's actions towards Jaylen created in him the fear and apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, knowingly and without legal justification.

### FOURTH CLAIM FOR RELIEF
### State Claim for Negligence – Willful, Wanton and Reckless Conduct

42. Plaintiffs restate and incorporate the above paragraphs as if fully stated herein.

43. Defendant intentionally and unlawfully threatened Plaintiff Jaylen Fisher with physical harm and violence against his person. It appeared and ultimately proved to be true, that the Defendant had the ability to carry out the threats of physical harm and violence against him. As a direct and proximate result, Jaylen Fisher was placed in imminent fear of harm by the Defendant.

44. The Defendant named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or filed to intervene in the commission of

unlawful acts of physical harm and violence against Plaintiff Jaylen Fisher including, but not limited to:

    a)    Shooting Jaylen Fisher in the back and groin area.

    b)    Using excessive, malicious, and sadistic force to control Jaylen Fisher; and

    c)    Using excessive and malicious force, including shooting Jaylen Fisher in the back while the plaintiff was surrendering.

45. The Defendant named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless, and/or callous disregard for the safety of Jaylen Fisher and in a manner that was likely and substantially certain to, and did, cause injury to Jaylen Fisher.

46. These acts committed against Plaintiff Jaylen Fisher directly and proximately caused him to sustain physical injury, mental pain, and suffering. Said acts constitute unlawful and unprivileged assault and battery.

47. As a direct and proximate result of Defendant's unlawful acts of assault and battery committed against Plaintiff Jaylen Fisher he was forced to and did endure and suffer physical, mental, and emotional pain and suffering.

48. As a direct and proximate result of Defendant's unlawful acts of assault and battery committed by Defendant and Plaintiff Jaylen Fisher suffered mental anguish, emotional pain, and suffering, medical deformity, lost earning capacity, and medical bills.

## **DAMAGES**

49. As a direct and proximate result of the acts set forth in this complaint, Jaylen Fisher sustained extreme and intense pain and fear for his life. Additionally, Jaylen Fisher sustained injuries to his body including but not limited to bullet wounds, medical deformity. He additionally suffered loss of earning capacity, medical bills, pain and suffering, and mental

anguish.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate Plaintiff Jaylen Fisher;

b) Punitive damages against Defendants, in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit; and

d) All such other relief which the Court deems appropriate.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, and special damages in an amount greater than Seventy-Five Thousand Dollars ($75,000), and punitive damages in an amount to be determined, together with the costs herein expended, including attorney's fees, and such other relief as may be just and appropriate in this case.

Respectfully submitted,

*/s/ Tyler B. Shroyer*
Tyler B. Shroyer     (0093838)
David I. Shroyer     (0024099)
Colley Shroyer & Abraham Co., LPA
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453
Fax: (614) 228-7122
Email: tshroyer@csajustice.com
Email: dshroyer@csajustice.com
*Trial Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands that the within matter be tried by a jury of eight (8) as to all issues herein.

*/s/ Tyler B. Shroyer*
Tyler B. Shroyer      (0093838)