IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAYLEN FISHER,

    Plaintiff,

        v.

OFFICER GRADY KISSEE, ET AL.,

    Defendants.

Case No. 2:24-cv-00906

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## **DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants Officer Grady Kissee, the City of Columbus, the Columbus Police Department ("Police Department"), and Elaine Bryant, Chief of Police (collectively, "Defendants") hereby move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss: 1) all claims as against the Police Department and Chief Bryant; 2) Counts III and IV of the complaint (asserted only against Officer Kissee) in their entirety; and 3) Plaintiff's claim for punitive damages as against the City. A memorandum in support follows.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

*/s/ Lee Ann Rabe*
Lee Ann Rabe (0077170) – Trial Attorney
David J. Dirisamer (0092125)
Assistant City Attorneys
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385
(614) 645-6949 (fax)
LARabe@columbus.gov
DJDirisamer@columbus.gov
*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

**I.   Introduction.**

On February 28, 2024, Plaintiff Jaylen Fisher filed this complaint regarding the police-involved shooting of March 1, 2022, and the injuries he allegedly received therefrom.[1] Mr. Fisher named as defendants Officer Kissee, the Police Department, Chief Bryant, and the City. The complaint asserts four causes of action: 1) a violation of 42 U.S.C. §1983 against Officer Kissee; 2) a violation of 42 U.S.C. §1983 against the City; 3) a state law claim for assault and battery against Officer Kissee; and 4) a state law claim for negligence against Officer Kissee. Several of Mr. Fisher's claims are legally infirm, as set forth below, and should be dismissed.

First, the Police Department should be dismissed as a party as it is not *sui juris* and cannot be sued. Second, Chief Bryant should be dismissed as a party: a suit against the Chief in her official capacity is duplicative of the claim against the City and none of Mr. Fisher's allegations are directed at Chief Bryant in her individual capacity. Third, Mr. Fisher's state law claim for assault and battery against Officer Kissee (Count III) is time-barred because that claim is subject to a one-year statute of limitations and the complaint was filed almost two years after the date of the events at issue. Fourth, Count IV of the complaint, styled as a claim for negligence against Officer Kissee, should be dismissed as it is nothing more than a relabeling of the time-barred assault and battery claim. Finally, the City is immune from an award of punitive damages for claims under 42 U.S.C. §1983.

---

[1] Defendants accept the allegations in the complaint as true for purposes of this motion only and explicitly reserve the right to contest any of those allegations at later stages of this litigation.

## II. Background and Allegations.

On March 1, 2022, Columbus police officers responded to a shots-fired call at a gas station located at 3377 East Livingston Avenue in Columbus. (Compl., ¶¶ 16, 18.) Following the arrival of responding officers in the area of the gas station and a brief pursuit of Mr. Fisher when he fled police, Officer Kissee, one of the responding officers, shot Mr. Fisher. (*Id.*, ¶ 22.) Mr. Fisher was taken to the hospital via ambulance. (*Id.*, ¶ 21.)

## III. Argument.

### A. Standard of Review.

"Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). The Court must then determine whether the complaint at issue contains enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action, without more, will not suffice to state a claim that can survive dismissal. *Twombly*, 550 U.S. at 555.

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The Court should grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made or if, on the face of the complaint, there

appears an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Although the statute of limitations is an affirmative defense, "when the allegations in a complaint affirmatively show that a claim is time-barred, dismissal under Rule 12(b)(6) is appropriate." *Singh v. Procter & Gamble Co.*, No. 23-3414, 2024 U.S. App. LEXIS 1672, *3 (6th Cir. Jan. 24, 2024).

B.  **The Police Department is Not *Sui Juris***

The Police Department should be dismissed as a party to this action as it is not *sui juris*. The Police Department is merely an administrative vehicle by which the City (also a named defendant) operates and performs its functions, and therefore, it lacks the capacity to sue or be sued. *Smith v. City of Union Police Dep't*, No. 3:22-cv-96, 2023 U.S. Dist. LEXIS 121193, at *3-*4 (S.D. Ohio Jul. 13, 2013) ("Police departments are not *sui juris*; they are merely sub-units of the municipalities they serve.") (internal citation omitted); *see also Hall v. City of Columbus*, 2 F. Supp. 2d 995, 996 (S.D. Ohio 1998). The fact that the Police Department is not *sui juris* creates an insurmountable bar to relief to any attempt to assert any claim against it. Accordingly, the Police Department should be dismissed from this case.

C.  **Mr. Fisher Fails to State Any Plausible Claim Against Chief Bryant**

Mr. Fisher fails to state any plausible claim against Chief Bryant and thus she should be dismissed as a party to this matter.

1.  **A claim against Chief Bryant in her official capacity is duplicative of Mr. Fisher's claim against the City.**

To the extent that Chief Bryant is named in her official capacity,[2] "a Section 1983 action against a city official in his or her official capacity is treated as an action against the City entity."

---

[2] The complaint lists Chief Bryant in the caption but does not describe her among the parties nor does it indicate in what capacity she has been named.

*Surface v. Conklin*, No. 1:15-cv-40, 2015 U.S. Dist. LEXIS 65865, at *7 (S.D. Ohio May 20, 2015) (internal citation omitted); *see also .Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Such claims are duplicative and properly dismissed when, as here, the municipal entity is also a named defendant. *First Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Sams v. Franklin Cnty.*, No. 2:19-cv-05330, 2022 U.S. Dist. LEXIS 44204, *20-21 (S.D. Ohio Mar. 14, 2022).

### 2. Mr. Fisher makes no factual allegations that would form a plausible claim against Chief Bryant in her individual capacity.

Alternatively, to the extent that Chief Bryant is named in her individual capacity, Mr. Fisher's attempt to state a claim against her fails because the complaint does not allege her personal involvement or direct participation in the alleged events of March 1, 2022. The only paragraph that specifically references Chief Bryant makes a conclusory allegation regarding Kissee's employment, stating in relevant part: "At all times relevant, Defendant Kissee was acting within the course and scope of their [sic] employment with the Columbus Police Department, and Chief of Police Elaine Bryant and under the color of law, and was directly responsible for Jaylen Fisher's safety, custody, supervision, control, and care." (Compl., ¶ 12.) There are no factual allegations concerning Chief Bryant's actions and thus no allegation of her personal involvement or participation in Officer Kissee's alleged actions.[3]

Mr. Fisher cannot rely on *respondeat superior* liability under Section 1983 "to impute liability onto supervisory personnel" such as Chief Bryant. *Wingo v. Tennessee Dep't of*

---

[3] While the complaint includes generalized allegations as to "Defendants," such generalized allegations "containing only collective references to defendants" without allegations of "facts that demonstrate what each defendant did to violate the asserted constitutional right" are insufficient to state a claim as a matter of law. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (internal citations omitted).

*Corrections*, 499 Fed. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Furthermore, a claim that a supervisor implemented or failed to implement certain policies, or failed to adequately train or supervise employees, is not sufficient as such allegations "improperly conflate a §1983 claim of individual supervisory liability with one of municipal liability." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647-48 (6th Cir. 2012) (quoting *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008)).

Instead, "[i]n order to establish liability pursuant to §1983, 'the plaintiff must prove that the defendant, as a supervisory official, is ***personally*** responsible for the alleged unconstitutional actions that caused his injury.'" *Denkins v. Mohr*, Case No. 2:13-cv-584, 2014 U.S. Dist. LEXIS 120891, *7 (S.D. Ohio Aug. 29, 2014) (quoting *Mills v. Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004)) (emphasis added); *see also Surface*, 2015 U.S. Dist. LEXIS 65865, at *6 (requiring "a direct causal link between the acts of individual [employees] and the supervisory defendants."). That is, there must be some personal involvement or direct participation by the supervisor defendant in the conduct alleged. *See Heyerman*, 680 F.3d at 647-48; *Shehee v. Luttrell*, 199 F.3d 295, 297 (6th Cir. 1999); *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).[4] Mr. Fisher, in referencing Chief Bryant in only the single conclusory allegation referenced above, makes no such allegations. As a result, the claims against Chief Bryant should be dismissed.

---

[4] When a plaintiff fails to allege "any direct involvement" by a chief of police or other supervisor, claims against that supervisor are properly dismissed. *Chambers v. Cty. of Mahoning*, No. 4:23-cv-2136, 2024 U.S. Dist. LEXIS 8802, at *6-*8 (N.D. Ohio Jan. 17, 2024); *see also Surface*, 2015 U.S. Dist. LEXIS 65865, at *7; *Loper v. Cleveland Police Headquarters*, 1:16-cv-2842, 2017 U.S. Dist. LEXIS 72839, at *10 (N.D. Ohio Mar. 15, 2017) (citing *Claybrook v. Birchwell*, 199 F.3d 350, 361 (6th Cir. 2000)).

### D. Mr. Fisher's Claim for Assault and Battery (Count III) is Time-Barred

Mr. Fisher's claim for assault and battery is a common law claim asserted under state law and thus is subject to the applicable statute of limitations for such a claim under Ohio law. *See, e.g., Coyer v. HSBC Mortg. Servs.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (applying state statutory statute of limitations to common-law claim). That statute of limitations is one year. R.C. 2305.111.[5] As a result, state law assault and battery claims filed more than one year after the events at issue are subject to dismissal. *See Bowen v. Sidney Police Dep't*, No. 3:23-cv-375, 2024 U.S. Dist. LEXIS 41052, at *12-*13 (S.D. Ohio Mar. 7, 2024).

Here, the complaint asserts claims based on the alleged events of March 1, 2022. (Compl., ¶ 1.) The complaint was filed on February 28, 2024, just less than two years later – well outside the applicable one-year statute of limitations. Mr. Fisher's state law assault and battery claim against Officer Kissee is time-barred and Count III of the complaint should be dismissed.

### E. Mr. Fisher's Claim for Negligence (Count IV) Fails as a Matter of Law

Mr. Fisher purports to state a claim for negligence in Count IV. However, the allegations set forth in Count IV make clear that this claim is simply a restatement of his assault and battery claim.

A plaintiff cannot avoid the one-year statute of limitations for assault and battery simply by relabeling the claim. "Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence […] the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault

---

[5] R.C. 2305.111 was amended in October 2023, but the version in effect on March 1, 2022 similarly imposed a one-year statute of limitations.

and battery to allow that to be done." *Bowen,* 2024 U.S. Dist. LEXIS 41052, at *14 (internal citation omitted) (holding that purported "negligence" claim against police officer based on intentional acts, including the use of a taser, was a claim for assault and battery and not negligence, and was time-barred by the statute of limitations for assault and battery claims). This is with good reason, as "[b]y definition, negligent acts are not intentional." *Guyan, Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc.*, No. 5:10-cv-823, 2013 U.S. Dist. LEXIS 46297, at *75 (N.D. Ohio Mar. 28, 2013) (internal citation omitted).

Here, Mr. Fisher labels Count IV as a claim for "negligence" but, based on a review of the essential character of the allegations therein, it is nothing more than a relabeling of his assault and battery claim. Other than in the title, the word "negligence" never appears within the claim. (Compl., ¶¶ 42-48.) Instead, Mr. Fisher specifically alleges that "Defendant[6] intentionally and unlawfully threatened Plaintiff Jaylen Fisher with physical harm and violence […] As a direct and proximate result, Jaylen Fisher was placed in imminent fear of harm." (*Id.*, ¶ 43.) This allegation echoes his assault and battery allegations in Count III. (*Id.*, ¶ 41.) Indeed, Mr. Fisher specifically alleges that he was subject to "an unprivileged assault and battery" as the basis for his "negligence" claim. (*Id.*, ¶¶ 44, 46; *see also id.*, ¶¶ 47-48.)

Mr. Fisher's claim in Count IV is nothing more than a relabeled version of his assault and battery claim in Count III. Therefore, it is also time-barred and should be dismissed.

**F.     The City is Immune from Mr. Fisher's Claims for Punitive Damages**

There is no dispute that "a municipality is immune from punitive damages under 42 U.S.C. §1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Courts have specifically

---

[6] Though never specified, the references to "Defendant" throughout Count IV of the complaint are believed to refer to Officer Kissee.

8

dismissed claims seeking punitive damages from municipalities because such damages were unavailable as a matter of law. *See, e.g., Stafford v. Sugarcreek Twp.*, No. 3:22-cv-136, 2023 U.S. Dist. LEXIS 151987, *5-6 (S.D. Ohio Aug. 28. 2023); *Hora v. Risner*, No. 3:18-cv-344, 2020 U.S. Dist. LEXIS 146014, *28 (S.D. Ohio Aug. 13, 2020).

The only claim that Mr. Fisher asserts against the City is Count II, a *Monell* claim under 42 U.S.C. §1983. In his Prayer for Relief, Mr. Fisher claims to be entitled to punitive damages against all Defendants (including the City). (*Id.*, p. 11.) As punitive damages are not available as against the City as a matter of law, Mr. Fisher's claim for such damages as against the City should be dismissed.

**IV.  Conclusion.**

The Police Department is not *sui juris*, and thus is not a proper party to this lawsuit. Claims against Chief Bryant in her official capacity are duplicative of a suit against the City, and there are no allegations that would support a suit against her in an individual capacity – Chief Bryant should therefore be dismissed as a party. Counts III and IV, for assault and battery, both explicitly and relabeled as a "negligence" claim, are both time-barred by the applicable one-year statute of limitations. And the City is immune from punitive damages claims as to the only claim asserted against it.

For all of the foregoing reasons, the Court should grant this Motion, dismiss the Police Department and Chief Bryant as parties to this lawsuit, dismiss Counts III and IV of the Complaint (asserted only against Officer Kissee) in their entirety, and dismiss the claim for punitive damages as against the City.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

*/s/ Lee Ann Rabe*
Lee Ann Rabe (0077170) – Trial Attorney
David J. Dirisamer (0092125)
Assistant City Attorneys
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385
(614) 645-6949 (fax)
LARabe@columbus.gov
DJDirisamer@columbus.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 4, 2024, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

*/s/ Lee Ann Rabe*
Lee Ann Rabe (0077170)