**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAYLEN FISHER, | |
| Plaintiff, | Case No. 2:24-cv-00906 |
| v. | Chief Judge Algenon L. Marbley |
| OFFICER GRADY KISSEE, ET AL., | Magistrate Judge Elizabeth P. Deavers |
| Defendants. | |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Officer Grady Kissee ("Officer Kissee") and the City of Columbus (the "City") hereby move the Court, pursuant to Fed. R. Civ. P. 12(c), to grant them judgment on the pleadings as to Plaintiff Jaylen Fisher's claims against them.

Following the Court's granting of Defendants' Partial Motion to Dismiss, which Mr. Fisher did not oppose, Mr. Fisher asserts two remaining claims arising under 42 U.S.C. § 1983—one against Officer Kissee and one against the City.  Mr. Fisher rests both claims on purported violations of the Eighth Amendment and the Fourteenth Amendment.  The Eighth Amendment applies only to convicted prisoners and thus cannot apply to Mr. Fisher based on his factual allegations.  Any attempt by Mr. Fisher to state a claim under the Fourteenth Amendment for a purported failure to provide adequate medical care is defeated by his own factual allegations concerning that care.  Finally, the Fourteenth Amendment cannot support an excessive force or a substantive due process claim for the seizure of a free citizen—as Mr. Fisher alleges he was.

For these reasons, as fully outlined in the attached Memorandum in Support and incorporated herein, the Court should grant Officer Kissee and the City judgment on the pleadings as to the remaining claims against them.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

*/s/ Lee Ann Rabe*
Lee Ann Rabe (0077170) – Trial Attorney
David J. Dirisamer (0092125)
Assistant City Attorneys
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385
(614) 645-6949 (fax)
LARabe@columbus.gov
DJDirisamer@columbus.gov
*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

**I.  BACKGROUND**

On February 28, 2024, Mr. Fisher filed a complaint against Officer Kissee, the City, the Columbus Division of Police and Elaine Bryant, the City's Chief of Police. (*See generally* Complaint, ECF No. 1.) He asserted four claims: a claim under 42 U.S.C. § 1983 against Officer Kissee (Count I); a claim under 42 U.S.C. § 1983 against the City (a so-called *Monell* claim) (Count II); 3) a state-law assault and battery claim against Officer Kissee (Count III); and a state law negligence claim against Officer Kissee (Count IV). *Id.* Defendants filed a Partial Motion to Dismiss, seeking the dismissal of all claims against the Division of Police and Chief Bryant, the dismissal of Counts III and IV in their entirety, and the dismissal of any claim for punitive damages against the City. (*See generally* Partial Motion to Dismiss, ECF No. 8.) Mr. Fisher did not oppose the Motion to Dismiss. (*See generally* Response to Partial Motion to Dismiss, ECF No. 13.) The Court granted then granted the Motion to Dismiss, leaving Officer Kissee and the City as the sole remaining defendants, and Counts I and II as the sole remaining claims. (*See generally* Order, ECF No. 16.)

**II.  RELEVANT ALLEGATIONS**

Mr. Fisher alleges that, while fleeing a shooting at a gas station he was pursued by police. (Complaint, ¶¶ 2, 16-17.) Mr. Fisher further alleges that he was then shot by Officer Kissee, a City police officer. (*Id.*, ¶¶ 18, 20, 22.) He alleges that he was "rushed by ambulance to the hospital." (*Id.*, ¶ 21.) Mr. Fisher specifically alleges that he "was never convicted of a crime related to this incident." (*Id.*, ¶ 23.)

Mr. Fisher explicitly and repeatedly states that he is seeking relief for the purported violation, on March 1, 2022, of his rights under the "Eighth Amendment, applicable to the State

3

through the 14th Amendment to the United States Constitution." (*Id.*, ¶ 1; *see also id.*, ¶¶ 7, 14.) Mr. Fisher asserts Officer Kissee violated his rights "to be free from cruel and unusual punishment proscribed by the Eighth Amendment" and "to due process under the Fourteenth Amendment." (*Id.*, ¶ 26.) He claims Officer Kissee and the City violated his "known and clearly established constitutional rights … to be free from the sadistic and malicious use of excessive force to due process of law [sic] and to necessary medical and mental health care and treatment." (*Id.*, ¶ 3.)

Mr. Fisher alleges that Officer Kissee was under a duty to provide "medical attention for Jaylen Fisher's medical condition." (*Id.*, ¶ 11.) He also alleges that "it was clear to an average observer that Jaylen Fisher was suffering from an injury requiring immediate emergent medical treatment." (*Id.*, ¶ 19.) But Mr. Fisher never alleges that he was not provided adequate medical treatment. (*See generally id.*) Instead, the only thing he alleges about the medical care provided to him was that he "was rushed by ambulance to the hospital." (*Id.*, ¶ 21.)

## III. LAW AND ARGUMENT

### A. Applicable Legal Standards.

A motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), "generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Est. of Bost v. Franklin Cnty.*, No. 2:22-cv-4476, 2023 U.S. Dist. LEXIS 207450, at *2 (S.D. Ohio Nov. 20, 2023) (internal citation omitted). Thus, in evaluating such a motion "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true" and a claim survives a Rule 12(c) motion "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at *2-*3 (internal citations omitted).

4

**B. Mr. Fisher's Alleged Facts Do Not Plausibly Support a Violation of the Constitutional Provisions He Identifies.**

Count I of the Complaint is a claim against Officer Kissee under 42 U.S.C. § 1983 "for Excessive Force in violation of the Eighth Amendment and Unconstitutional Seizure under the 14th Amendment." (Complaint, p. 6 (heading of Count I).) Mr. Fisher states that he is proceeding under the Eighth Amendment "applicable to the State through the 14th Amendment." (*Id.*, ¶ 1.) He adds that he is asserting a violation of his "right to due process under the Fourteenth Amendment" by Officer Kissee. (*Id.*, ¶ 26.) Count II of the Complaint is a "42 U.S.C. [§] 1983 *Monell* Policy Claim Against" the City. (*Id.* at p. 7 (heading of Count II) (italics added).) For either of Mr. Fisher's claims to be viable, he must both identify a purported constitutional right and allege sufficient facts to plausibly plead a violation of that right. Mr. Fisher does not do so.

Section 1983 "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Pinkney v. Berrien Cnty.*, No. 21-2802, 2022 U.S. App. LEXIS 23224, *7 (6th Cir. Aug. 19, 2022) (internal citation and quotation omitted); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989). As a result, to be viable, a Section 1983 claim, whether against an individual or via a so-called *Monell* claim against a municipality, requires an underlying constitutional violation. *See, e.g., Smith v. City of Detroit*, No. 23-1448, 2024 U.S. App. LEXIS 10912, *13 (6th Cir. May 2, 2024) ("to hold a municipality liable under *Monell*, the plaintiff must sufficiently plead an underlying constitutional violation."); *Pinkney*, at *7 ("[t]he first step is to identify the precise constitutional right allegedly infringed"); *Enoch v. Hamilton Cty. Sheriff's Office*, No. 1:16-cv-661, 2021 U.S. Dist. LEXIS 102926, *23-31 (S.D. Ohio Jun. 1, 2021) (finding the lack of a constitutional violation fatal to both individual-capacity and official-capacity claims).

### i. The Eighth Amendment Does Not Apply to Mr. Fisher and Cannot Serve as a Basis for His Claims.

The Eighth Amendment, incorporated as against the States through the Fourteenth Amendment, prohibits the federal government's imposition of "[e]xcessive bail," "excessive fines," and "cruel and unusual punishments." *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023) (citing U.S. Const. amend. VIII).  However, the Eighth Amendment's prohibitions only apply to punishments, whether formal or informal, "on convicted prisoners during their terms of incarceration." *Id.*; *Boyer v. Guinther*, No. 2:05-cv-547, 2005 U.S. Dist. LEXIS 20419, *4 (S.D. Ohio Sept. 19, 2005) ("The Eighth Amendment, however, applies only to convicted prisoners."). As a result, Eighth Amendment claims by someone who is not a convicted prisoner are properly dismissed.  *Boyer*, 2005 U.S. Dist. LEXIS 20419, *4-5 (dismissing an Eighth Amendment claim asserted by a pretrial detainee).

Mr. Fisher, though repeatedly invoking the Eighth Amendment, and the "malicious and sadistic" standard that applies to claims under it, specifically alleges that he "was never convicted of a crime related to this incident."  (Complaint, ¶¶ 1, 3, 4, 7, 14, 23, 26, p. 6.); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 133 (6th Cir. 2014) (internal citation omitted) (claim under the Eighth Amendment requires a showing that force was "applied maliciously and sadistically to cause harm"). Furthermore, Mr. Fisher alleges that he was "pursued" by police and shot by Officer Kissee when he was running away from a shooting at a gas station.  (*Id.*, ¶¶ 16, 18.)  Mr. Fisher was thus not an incarcerated prisoner at the time of the events of March 1, 2022, making the Eighth Amendment, as incorporated through the Fourteenth Amendment, inapplicable to him.  The Eighth Amendment thus cannot serve as a basis for any of Mr. Fisher's claims.

To the extent Mr. Fisher's claims rely on an Eighth Amendment violation, they should be dismissed with prejudice.

### ii. Mr. Fisher Has Not Pled a Failure to Render Medical Aid Claim Under the Fourteenth Amendment.

The Fourteenth Amendment "requires adequate medical care for persons injured while being apprehended by the police." *Hicks v. Scott*, 958 F.3d 421, 438 (6th Cir. 2020) (internal citation omitted). Objectively, this requires "a sufficiently serious medical need." *Id.* (internal citation omitted). Subjectively, this requires deliberate indifference to the need for medical aid, or, that "(1) an official was aware of facts from which she could have inferred a substantial risk of serious harm to the suspect, (2) she in fact drew such an inference, and (3) she nevertheless disregarded the known risk." *Id.* When "police injure a person while apprehending him, they generally satisfy the Fourteenth Amendment by summoning medical care and not intentionally or recklessly delaying his access to it." *Id.* at 439, citing *Wilkerson v. City of Akron*, 906 F.3d 477, 483 (6th Cir. 2018).

Mr. Fisher does not allege in even a conclusory manner that Officer Kissee (or anyone else) disregarded a known risk of harm to Mr. Fisher by failing to provide him with medical treatment. Mr. Fisher alleges that Officer Kissee had a duty to provide medical care to him. (Complaint, ¶ 11.) He alleges that he was "suffering from an injury [two gunshot wounds] requiring immediate emergent medical treatment." (*Id.*, ¶¶ 16, 19, 22.) However, Mr. Fisher never alleges any failure to provide him with medical treatment. (*See generally id.*) To the contrary, Mr. Fisher's only allegation concerning the medical treatment provided to him is that he "was rushed by ambulance to the hospital." (*Id.*, ¶ 21.) Mr. Fisher has not, and cannot, allege (let alone demonstrate) that Officer Kissee or anyone else failed to summon medical care or delayed Mr. Fisher's access to it.

Any attempt by Mr. Fisher to pursue a claim under the Fourteenth Amendment for a failure to render medical aid therefor must fail and should be dismissed with prejudice.

7

### iii. The Fourteenth Amendment Cannot Serve as the Basis of an Excessive Force Claim by Mr. Fisher.

The first step in analyzing a Section 1983 claim "is to isolate the precise constitutional violation with which [the defendant] is charged." *Graham*, 490 U.S. at 394 (internal citation omitted). Mr. Fisher claims to have suffered constitutional violations for "Excessive Force in Violation of the Eighth Amendment and Unconstitutional Seizure under the 14th Amendment." (Complaint, p. 6.) The Eighth Amendment cannot apply to Mr. Fisher as outlined above. That leaves only the Fourteenth Amendment as an identified basis for Mr. Fisher's excessive force/unconstitutional seizure claim. But the facts alleged by Mr. Fisher do not plausibly allege such a violation of the Fourteenth Amendment as the Fourteenth Amendment does not apply to seizures of free citizens—exactly the factual scenario alleged here.

When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394. In fact, "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Id.* (emphasis in original). As a result, a plaintiff cannot maintain separate claims for excessive force and an unreasonable seizure based on the same shooting, even though a shooting is a seizure, because such claims are duplicative. *Scott v. City of Cleveland*, No. 1:13-cv-2020, 2013 U.S. Dist. LEXIS 179605, *5-6 (N.D. Ohio Dec. 23, 2013).

Based on the long-standing guidance above from *Graham*, excessive force claims generally may be brought by "convicted prisoners […] under the Eighth Amendment," by "free citizens […] under the Fourth Amendment," or by "a pretrial detainee […] under the Fourteenth Amendment's due process clause." *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008). These

8

distinctions are significant because of the different standards that apply to each of them. For example, alleged Fourteenth Amendment violations are evaluated under a standard that asks if an official's conduct "shocks the conscience." *Domingo v. Kowalski*, 810 F.3d 403, 410 (6th Cir. 2016) (internal citation omitted). That is not the standard for Fourth Amendment violations. *Graham*, 490 U.S. at 394-395.

Mr. Fisher repeatedly cites the Fourteenth Amendment (both as to its incorporation of the Eighth Amendment and as to an "unconstitutional seizure") based on the same factual predicate as his Eighth Amendment "excessive force" claim. (Complaint, ¶¶ 1, 7, 14, 26, and p. 6.) In doing so, Mr. Fisher explicitly invokes the "shocks the conscience" language of the Fourteenth Amendment's excessive force standard. (*Id.*, ¶ 11.) But, at the same time, Mr. Fisher alleges that he was a free citizen and that the alleged incident occurred following a police pursuit as he ran away from a gas station. (*Id.*, ¶¶ 16, 18.) Thus, the Fourteenth Amendment, just like the Eighth Amendment, cannot viably serve as the basis for an excessive force/unconstitutional seizure claim to underlie Mr. Fisher's Section 1983 claims. *See, e.g., Yoder v. King*, No. 2:20-cv-2079, 2020 U.S. Dist. LEXIS 200039, *6-9 (S.D. Ohio Oct. 27, 2020); *Woods v. Harderman Cty. Govt.*, 2021 U.S. Dist. LEXIS 37623, *5-6 (W.D. Tenn. Mar. 1, 2021).

This matter cannot proceed on an excessive force claim under the legal theories alleged based on the facts alleged, as neither the Eighth Amendment nor the Fourteenth Amendment apply to Mr. Fisher's purported claims.

## IV. CONCLUSION

Mr. Fisher has failed to state any viable claim. Any claim under the Eighth Amendment does not apply because Mr. Fisher is not a convicted prisoner. Any purported claim regarding Mr.

9

Fisher's medical care, or the purported lack thereof, is contradicted by his own allegations.  Finally, Mr. Fisher's excessive force claim fails to state a claim as drafted.

Defendants therefore respectfully request that this Court enter an order dismissing Mr. Fisher's claims under the Eighth and Fourteenth Amendments with prejudice, and dismissing his Complaint in its entirety.

>Respectfully submitted,
>
>**CITY OF COLUMBUS, DEPARTMENT OF LAW**
>**ZACH KLEIN, CITY ATTORNEY**
>
>*/s/ Lee Ann Rabe*
>Lee Ann Rabe (0077170) – Trial Attorney
>David J. Dirisamer (0092125)
>Assistant City Attorneys
>77 N. Front Street, Columbus, Ohio 43215
>(614) 645-7385
>(614) 645-6949 (fax)
>LARabe@columbus.gov
>DJDirisamer@columbus.gov
>*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 17, 2024, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

>*/s/ Lee Ann Rabe*
>Lee Ann Rabe