UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAYLEN FISHER**

        **Plaintiff,**

   v.                                     Civil Action 2:24-cv-906
                                             Judge Algenon L. Marbley
                                             Magistrate Judge Elizabeth P. Deavers

**OFFICER GRADY KISSEE, *et al*.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Discovery Responses and for Extension of Case Schedule filed by Defendants Officer Grady Kissee ("Officer Kissee") and the City of Columbus ("the City"). (ECF No. 43.) Plaintiff has responded and Defendants have filed a reply. (ECF Nos. 47, 49.) Plaintiff's expert, Dr. Gerald Steiman ("Dr. Steiman"), also has filed a response to Defendants' Motion. (ECF No. 48.) Accordingly, this matter is ripe for decision. For the following reasons, the Motion to Compel is **GRANTED.**

**I.**

Briefly, this case arises out of a police-involved shooting that occurred on March 1, 2022. Following a motion to dismiss, two claims remain pending, a claim under 42 U.S.C. § 1983 against Officer Kissee and a *Monell* claim against the City. On April 22, 2024, the City served discovery requests, including interrogatories and requests for production of documents, on Plaintiff. (*See* Defendant City of Columbus' First Set of Interrogatories and Requests for Production of Documents to Plaintiff Jaylen Fisher, ECF No. 43-1.) These discovery requests, 16 interrogatories and 15 requests for production, largely relate to the *Monell* claim.

1

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[ ] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that this prerequisite has been met here.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is

overly broad or would prove unduly burdensome to produce.").

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.*

3

(citation omitted).

### III.

In their Motion to Compel, Defendants assert that Plaintiff's responses to Interrogatories 1 through 15 and his responses to all of the Requests for Production are insufficient. On this basis, they request that the Court order Plaintiff to provide complete, non-evasive responses to the interrogatories and requests for production of documents served upon him by the City on April 22, 2024. They have attached to their Motion, *inter alia*, copies of the subject discovery requests and Plaintiff's responses.

Beyond this, they explain that they have unsuccessfully sought to obtain information from Plaintiff's expert, Dr. Steiman. Accordingly, Defendants request that the Court order Plaintiff to produce the required, complete list of Dr. Steiman's testimony and instruct Dr. Steiman to allow production of his completed file, including any questions posed to Plaintiff and his answers.

In response, Plaintiff succinctly argues that he has provided complete responses to Defendants' discovery requests based on the information available to him. His argument, however, appears limited to Defendants' Requests for Production. As for these discovery requests, Plaintiff argues that he already has produced all responsive documents in his possession, custody or control and he cannot produce documents he does not have. As for the *Monell* claim specifically, Plaintiff contends that such a claim largely is based on documents within the City's control. He also asserts, with minimal specificity and without evidentiary support, that he has engaged in ongoing efforts to supplement his responses. More broadly, he claims that Defendants' motion to compel lacks specificity such that the Court cannot assess the relevance of Defendants' requests or provide Plaintiff any direction in satisfying the requests.

With respect to the matter of Dr. Steiman, Plaintiff acknowledges that his expert is required to produce a list of cases in which he has testified as an expert during the last four years but asserts that Dr. Steiman has not provided a current list of cases. Nevertheless, Plaintiff has attached a list to response which he represents includes the cases in which Plaintiff's counsel has utilized Dr. Steiman as a witness. As for the list of questions formulated by Dr. Steiman for use in neurological evaluations, Plaintiff contends that this list does not fall within the scope of Federal Rule of Civil Procedure 26(b)(4)(C). Plaintiff notes that Dr. Steiman considers his questions proprietary and that he has retained his own counsel to seek a protective order.

As to Plaintiff's last point, Dr. Steiman filed a response to the Motion to Compel raising many issues, several of which are not necessary to mention here. With respect to any substantive argument, however, he explains that he has no problem producing the questionnaire but just wants it to be used only in this case and to be kept confidential. Importantly, he offers that a simple protective order, and in particular the Court's Tier 1 protective order, would easily resolve his confidentiality concerns.

In reply, Defendants emphasize that Plaintiff's response is focused solely on the requests for production and provides no justification for his failure to provide complete, non-evasive answers to the interrogatories directed to his *Monell* claim. This lack of justification, in Defendants' view, is an apparent admission that Plaintiff had no evidentiary basis on which to bring such a claim. Further, they note that Plaintiff's efforts to supplement any discovery responses were undertaken only in response to Defendant Kissee's discovery requests which are separate and distinct from the City's. Additionally, they wholly reject Plaintiff's assertion that the Motion to Compel lacks specificity. According to Defendants, Plaintiff's responses all suffer from the same deficiency such that there was no point in their repeating the same point fifteen

times.

As for the issue relating to Dr. Steiman, Defendants assert that Plaintiff's admittedly incomplete list does not satisfy the Rules. They also note that Dr. Steiman has now produced a partial list of cases which does not contain the cases provided by Plaintiff. Thus, they question its completeness. With respect to the issue of a protective order, however, Defendants do not indicate an unwillingness to enter into the Court's Tier 1 protective order.

**IV.**

The dispute here does not require significant analysis. The Court turns first and quickly to the matter of both Dr. Steiman's questionnaire and Plaintiff's answers. Given the absence of any serious challenge, the Court finds Dr. Steiman's proposal that the Court's Tier 1 protective order be utilized to address his concerns to be reasonable. The parties are **DIRECTED** to submit such an order to the Court for signature and filing within **SEVEN DAYS** of the date of this Order.

As for the list of previous cases in which Dr. Steiman has testified, it may be that between the two lists now provided, Defendants have all the information the parties agree are required by Rule 26(a)(2)(B)(v). If that is the case, Plaintiff is **DIRECTED** to confirm that status in writing for Defendants within **SEVEN DAYS** of the date of this Order. If the list remains incomplete, Plaintiff is **DIRECTED** to cure any continued deficiency within **THIRTY DAYS** of the date of this Order.

This brings the Court to the matter of the discovery requests – both the 15 interrogatories at issue and the requests for production of documents. Initially, the Court finds no merit to Plaintiff's claim that the Motion to Compel is so lacking in specificity as to require denial. As noted, Defendants have attached the discovery requests and Plaintiff's responses to their Motion

to Compel making it simple for the Court to understand the issues here.  By way of example, in response to all but two of the fifteen Requests for Production, Plaintiff responded by stating "None in Plaintiff's possession.  Will supplement if applicable." (ECF No. 43-2).  With respect to the other two Requests, Nos. 3 and 15, Plaintiff directed Defendants to a NBC4i link: https://www.nbc4i.com/news/local-news/columbus/body-camera-shows-columbus-police-officer-firing-shots-at-18-year-old-suspect/.  By way of further example, Plaintiff's response to Interrogatory No. 5, reprinted here verbatim, is fairly representative of all of his responses to Interrogatories 1 through 15:

> **Interrogatory #5**  If you believe that there existed, prior to the incident, a pattern of similar conduct which you claim to be unconstitutional by CPD law enforcement officers, identify each such instance of similar conduct by stating the name(s) of the involved officer(s), the date upon which the conduct occurred, the person(s) against whom the conduct was directed, and the nature of the conduct in question.
>
> **Response:**  **Objection.  Calls for testimony beyond the background, experience and education of the Plaintiff.  Plaintiff is unaware of the extent of all patterns and each particular instance of similar and unlawful conduct from CPD's law enforcement officers.  Plaintiff further objects to this interrogatory because it calls for plaintiff to make a legal conclusion.**
>
> **Plaintiff reserves the right to supplement additional information as it becomes available according to the Court's scheduling order.**

(ECF No. 43-2.)

The Court is satisfied from its review of the Interrogatories and Requests for Production that they seek information relevant to Plaintiff's *Monell* claim against the City.  Notably, Plaintiff did not challenge the relevance of any the discovery requests at issue in his response.  Accordingly, under the circumstances here, the Court will not deny the Motion to Compel on the basis that it lacks specificity.

Further, the Court is not persuaded by Plaintiff's claim that his supplementation of certain discovery responses should provide a basis for denying the Motion to Compel.  The current

Motion is directed to Defendant City of Columbus' First Set of Interrogatories and Requests for Production of Documents to Plaintiff Jaylen Fisher served on April 22, 2024. Nothing in Plaintiff's chart detailing his supplementation suggests that his efforts were directed to the requests at issue here. Moreover, the Court notes Plaintiff's acknowledgment that he will be in a position to further supplement his discovery responses once he receives responses from his own discovery requests directed to the City served on March 14, 2025.

Given this state of the record, the Court resolves the current motion as follows. With respect to the Requests for Production of Documents, Plaintiff will be required to produce any documents now within his possession, custody or control or attest that he continues to have no such documents. In the face of any such attestation by Plaintiff's counsel, Defendants will be expected to accept that representation absent credible evidence of its inaccuracy. *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016) ("Ordinarily the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate.") Further, to the extent that Plaintiff may claim that any responsive documents are being withheld on a claim of privilege, he is obligated to provide a privilege log. Similarly, in the absence of a meaningful challenge to the Motion and Plaintiff's recognition of his obligation to supplement, Plaintiff will be directed to provide complete Interrogatory responses.

## V.

For the reasons stated above, the Motion to Compel (ECF No. 43) is **GRANTED.** The parties are **DIRECTED** to submit the Court's Tier 1 Protective Order for signature and filing within **SEVEN DAYS** of the date of this Order. Plaintiff is **DIRECTED** to confirm in writing for Defendants the status of Dr. Steiman's list of cases within **SEVEN DAYS** of the date of this

Order.  If the list remains incomplete, Plaintiff is **DIRECTED** to cure any continued deficiency within **THIRTY DAYS** of the date of this Order.  Further, within **THIRTY DAYS OF THE DATE OF THIS ORDER,** Plaintiff is **DIRECTED** to produce any documents now within his possession, custody or control or attest that he continues to have no such documents and to provide complete Interrogatory responses to Interrogatories 1-15.  The unopposed request to extend the discovery and dispositive motion deadlines also is **GRANTED.**  All discovery shall be completed by **JULY 3, 2025**.[1]  Dispositive motions are due **AUGUST 29, 2025.**

    **IT IS SO ORDERED**.

Date: June 3, 2025                                                                    /s/ *Elizabeth A. Preston Deavers*
                                                                              ELIZABETH A. PRESTON DEAVERS
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The parties requested a discovery completion date of June 27, 2025.  The Court extends the date so that Plaintiff may comply with this Order.  If the parties need additional time to complete discovery, they should file an appropriate motion.